**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4335

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TREVERIS MONTEL COWARD, a/k/a Bad News,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:21-cr-00148-D-2)

Submitted:  November 27, 2024                    Decided:  March 27, 2025

Before GREGORY, RUSHING, and BERNER, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:**  Helen Celeste Smith, Apex, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Katherine Simpson Englander, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Treveris Montel Coward pleaded guilty, pursuant to a written plea agreement, to distribution of fentanyl and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); 18 U.S.C. § 2.  He was sentenced to 180 months' imprisonment.  On appeal, Coward contends that the magistrate judge plainly erred by failing to inform him at the Fed. R .Crim. P. 11 hearing that he could not withdraw his guilty plea if the district court did not accept the parties' stipulations as to Coward's sentence in the plea agreement under Fed. R. Crim. P. 11(c)(1)(B).[*]  Coward also challenges the procedural reasonableness of his sentence on the ground that the district court did not address or consider the parties' stipulated Guidelines range.  The Government moves to dismiss the appeal of Coward's sentence as barred by the appellate waiver contained in Coward's plea agreement and moves for summary affirmance on the Rule 11 issue. We affirm in part and dismiss in part.

Coward's waiver of appellate rights does not prevent him from challenging the validity of the plea itself.  *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). Because Coward neither raised an objection during the Rule 11 proceeding nor moved to withdraw his guilty plea in the district court, we review Coward's challenge to the adequacy of the plea colloquy for plain error.  *See United States v. Sanya,* 774 F.3d 812, 815 (4th Cir. 2014).  To establish plain error, Coward "must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights."  *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020)  (en banc).  In the guilty plea context,

---

[*] Coward consented to entering his guilty plea before the magistrate judge.

2

to demonstrate that his substantial rights were affected, Coward must show a reasonable probability that he would not have pleaded guilty but for the magistrate judge's Rule 11 errors. *Id.* at 192. To do so, he "must satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." *Id.* at 192-93 (internal quotation marks omitted).

Here, we conclude that any error did not affect Coward's substantial rights. At the Rule 11 hearing, the magistrate judge informed Coward that any estimation of Coward's advisory Guidelines range was not binding on the district court and that the court could sentence Coward to the maximum sentence allowed by law on each count to which he pleaded guilty. Coward confirmed that he understood that the Guidelines range was advisory, that he faced a statutory maximum sentence of 240 months, and that if the court imposed the maximum sentence allowed by law, that alone would not be a basis for him to withdraw his guilty plea. Further, contrary to Coward's assertion that he did not receive the required notice under Rule 11(c)(3)(B), at the beginning of the Rule 11 hearing, the magistrate judge advised the group of defendants that any stipulations in their plea agreements were not binding on the court. Moreover, Coward was given this notice in the plea agreement that he reviewed with his attorney—undercutting his claim that he would have proceeded to trial had he known that he could not withdraw his plea if the court rejected the stipulated Guidelines range. Because Coward has not shown a "reasonable probability" that he would not have pleaded guilty or "that the possibility of a different result is sufficient to undermine confidence in the outcome of the proceeding," *Sanya*, 774

3

F.3d at 816 (internal quotation marks omitted); *Lockhart*, 947 F.3d at 192-93 (internal quotation marks omitted), we conclude that any error did not affect Coward's substantial rights and that the magistrate judge did not plainly err by accepting his guilty plea.

Turning to Coward's appeal of his sentence, we review an appeal waiver de novo to determine its enforceability. *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). "Where[, as here,] the Government seeks to enforce an appeal waiver and the defendant has not alleged a breach of the plea agreement, we will enforce a valid appeal waiver where the issue being appealed is within the scope of the waiver." *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021) (internal quotation marks omitted); *see Boutcher*, 998 F.3d at 608. "A valid appeal waiver is one entered by the defendant knowingly and intelligently." *Boutcher*, 998 F.3d at 608 (internal quotation marks omitted). To determine whether a waiver is valid, we evaluate "the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). "Generally . . . , if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

Coward does not contest that he knowingly and intelligently waived his right to appeal, *see United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010), and our review of the record confirms that the waiver is valid and enforceable. Furthermore, Coward's

4

challenge to the reasonableness of his sentence falls squarely within the scope of the waiver.

Accordingly, we affirm Coward's conviction and we grant the motion to dismiss as to Coward's appeal of his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*